UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL UZZELL,<br><br>    Plaintiff,<br><br>    v.<br><br>TELETECH HOLDINGS, INC., a Delaware corporation; and TELETECH CUSTOMER CARE MANAGEMENT (COLORADO), INC., a Colorado corporation,<br><br>    Defendants. | Case No. C07-0232MJP<br><br>ORDER DENYING PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff Uzzell's motion for a protective order and for the return of his medical and psychiatric records. (Dkt. No. 20.) Defendants oppose the motion. (Dkt. No. 25.) Having considered the motion and response, Plaintiff's reply (Dkt. No. 27), all documents submitted in support thereof and the record herein, the Court DENIES Plaintiff's motion.

**Background**

Plaintiff Carl Uzzell is suing Defendants Teletech Holdings and Teletech Customer Care Management (collectively "Teletech") for alleged retaliation and wrongful termination. Plaintiff alleges that Teletech took adverse employment action against him in retaliation for his protected activity opposing Defendants' alleged efforts to force employees to work off-the-clock and without overtime payments. Plaintiff alleges claims under the Fair Labor Standards Act, the Washington Minimum Wage Act, and Washington statutory, common law, and public policy.

ORDER — 1

1  Plaintiff alleges that Defendants caused Plaintiff damages, including lost wages and benefits;
2  emotional upset, stress, and anxiety; and "out-of-pocket expenses" including attorneys' fees,
3  litigation costs, and medical expenses. (Compl. ¶¶ 20-25.)

4  In July 2007, Defendants served Interrogatories and Requests for Production on Plaintiff,
5  requesting, among other things, that Plaintiff identify all medical treatment providers from whom
6  Plaintiff sought treatment for any medical condition "caused or exacerbated" by Defendants'
7  conduct, and produce documents related to such treatment or any prior or subsequent treatment.
8  Plaintiff objected on the grounds that the requests invaded Plaintiff's expectations of privacy and
9  the patient-provider privilege. (Meckley Decl. ¶ 2.)  Nevertheless, Plaintiff provided the name and
10 contact information for four medical treatment providers.[1] (Id., Ex. 1.)

11 On August 30, 2007, Defendants served Plaintiff with subpoenas seeking Plaintiff's
12 medical records from the four medical service providers identified in Plaintiff's answer to
13 Defendants' interrogatories.  On October 4, Defendants served Plaintiff with a subpoena seeking
14 medical records from an additional provider based on information discovered in the earlier
15 subpoenaed records. (Meckley Decl., Ex. 4.)  Plaintiff never indicated that any of these subpoenas
16 were objectionable, never asked Defendants' counsel to meet and confer regarding the subpoenas,
17 and never filed a motion to quash or modify the subpoenas. (Meckley Decl. ¶ 4.)  Some, but not
18 all, of the providers produced Plaintiff's medical records. (Meckley Decl. ¶¶ 6, 7, 8, 10.)

19 On November 1, Plaintiff filed this motion for a protective order and for the return of the
20 produced medical records.  Plaintiff argues that the medical records produced are protected by the
21 psychotherapist-patient privilege and that Plaintiff has not waived that privilege by placing his
22 mental health at issue.

---

[1] On November 7, 2007, one day before Defendants' opposition to this motion was to be filed, Plaintiff served supplemental answers to Defendants' interrogatories, in which Plaintiff responded with only objections and without the information about the medical providers. (Meckley Decl. ¶ 17.)  The Court will not consider the supplemental response for purposes of this motion.

ORDER — 2

**Discussion**

Federal Rule of Civil Procedure 45 governs subpoenas. Subsection (c)(3) provides that "[o]n timely motion, the issuing court must quash or modify the subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3) (emphasis added).[2] A party who does not timely object to a Rule 45 subpoena waives any objection to the subpoena. Millenium Holding Group, Inc. v. Sutura, Inc., 2007 WL 121567, *3 (D. Nev. Jan. 11, 2007). Because Plaintiff never objected, filed a motion to quash, or filed a motion for a protective order until more than two months after the subpoenas were issued, he has waived all objections to the subpoenas.

Plaintiff argues that Defendants' failure to provide fourteen-days advance notice to Plaintiff and the health care providers violates RCW 70.02.060 and resulted in the inadvertent disclosure of the medical records. But RCW 70.02.060 is a state procedural rule. Plaintiff cites no persuasive authority for his assertion that RCW 70.02.060 applies to subpoenas issued by the federal district court in a case in which the federal court has original jurisdiction.[3] Absent contrary authority, the Court applies the Federal Rules of Civil Procedure, and not Washington State procedural rules to civil actions over which the Court has original jurisdiction. See Fed. R. Civ. P. 1; see also U.S. v. Orr Water Ditch Co., 391 F.3d 1077, 1082 (9th Cir. 2004) (noting that when a situation is covered by both state and federal procedural rules, federal courts generally apply federal procedural rules).

In "unusual circumstances and for good cause," the failure to timely act will not bar consideration of objections to a Rule 45 subpoena. McCoy v. Southwest Airlines Co., Inc., 211

---

[2] The Court refers to the amended Federal Rules, which became effective on December 1, 2007. The changes were intended to be stylistic only. 2007 Advisory Committee Notes.

[3] To the extent that they conflict with the Court's conclusion, the two district court cases cited by Plaintiff — Lloyd v. Valley Forge Life Ins. Co., 2007 U.S. Dist. LEXIS 40526, *9 (W.D. Wa. 2007) and Hankins v. City of Tacoma, 2007 U.S. Dist. LEXIS 5209, *6-7 (W.D. Wa. 2007) — are not binding on this Court.

ORDER — 3

1  F.R.D. 381, 385 (C.D. Cal. 2002). "Courts have found unusual circumstances where: (1) the
2  subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed
3  witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the
4  subpoenaing party were in contact concerning the witness' compliance prior to the time the
5  witness challenged the legal basis for the subpoena." Id. Here, the Court does not find good
6  cause to excuse the untimely objection because the subpoenas were not overbroad or outside the
7  bounds of fair discovery. To the contrary, the subpoenas seek relevant information. Mr. Uzzell
8  put his mental health at issue by alleging that his damages include "emotional upset, stress, and
9  anxiety" and by requesting compensation for his "out-of-pocket expenses" including medical
10 expenses. His medical records, before, during, and after his termination are relevant to the
11 question of whether Defendants caused his mental distress and the amount of damage caused.

12      Mr. Uzzell argues that he has only alleged "garden variety" emotional distress claims and
13 therefore has not put his mental health at issue. He cites several district court cases in which the
14 courts concluded that "garden variety" emotional distress claims do not constitute a waiver of the
15 psychotherapy privilege. See, e.g., EEOC v. Lexus Serramonte, 237 F.R.D. 220, 223-24 (N.D.
16 Cal. 2006) (where plaintiff brought only "garden-variety" claim for emotional distress damages
17 and did not intend to rely on medical records or medical expert testimony, she did not waive the
18 privilege); Fitzgerald v. Cassil, 216 F.R.D. 632, 639 (N.D. Cal. 2003) (holding that plaintiffs did
19 not waive the privilege because they did not allege any "specific psychiatric injury or disorder or
20 unusually severe emotional distress extraordinary in light of the allegations"). The federal courts
21 are split on the issue of whether a party waives the psychotherapist-patient privilege, and more
22 specifically, whether a "garden variety" claim of emotional distress damages waives the privilege.
23 See Merrill v. Waffle House, Inc., 227 F.R.D. 467, 474 (N.D. Tex. 2005) (collecting cases); 25
24 Charles Alan Wright & Kenneth Graham, Federal Practice & Procedure § 5543 (2007). The
25 Ninth Circuit has not decided the issue, and the cases cited by Plaintiff are not binding on this
26 Court. Moreover, it does not appear that Mr. Uzzell has only alleged a "garden variety"
27

ORDER — 4

emotional distress claim.  In addition to alleging damages for "emotional upset, stress, and anxiety," he seeks compensation for "out-of-pocket expenses" including "medical expenses."  By asking the Court to award medical expenses, Mr. Uzzell has put his medical status and history at issue.  See Fritsch v. City of Chula Vista, 196 F.R.D. 562, 568-69 (S.D. Cal. 1999) ("Defendants must be free to test the truth of Fritsch's contention that she is emotionally upset because of the defendants' conduct.  Once Fritsch has elected to seek such damages, she cannot fairly prevent discovery into evidence relating to the element of her claim.").  Therefore, Mr. Uzzell has waived the privilege and this case does not present unusual circumstances or good cause warranting late implementation of a protective order.

Although tangential to the issue of the merits of Plaintiff's motion, the Court notes that both parties here failed to follow the applicable procedural rules in bringing and responding to this motion.  In addition to Plaintiff failing to timely move to quash the subpoenas, Defendants filed an overlength brief that was not signed by local counsel in violation of Local Civil Rule 7(e) and Local General Rule 2(d).  The Court expects counsel to make themselves aware of and to follow all applicable local and federal procedural rules for the remainder of this litigation.

**Conclusion**

For the above stated reasons, the motion for protective order and for return of medical documents is DENIED.

Filed this 7th day of December 2007.

Marsha J. Pechman
United States District Judge

ORDER — 5